682 A.2d 831

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Earl L. ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 3, 1996.

Filed Aug. 26, 1996.

608

James D. Moran, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, HUDOCK and SAYLOR, JJ.

HUDOCK, Judge:

This is an appeal from the order of the court below denying Appellant's petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. section 9541 *et seq.* We remand with instructions.

The salient facts underlying Appellant's conviction were succinctly summarized by the PCRA court as follows:

> [D]uring the early morning hours of April 10, 1989, [the victim] was awakened by [Appellant] who was in her bedroom. [The victim] was previously acquainted with [Appellant]. However, he did not have permission to enter her home or bedroom. [Appellant] then forced [the victim] to have sexual intercourse with him. A physical struggle ensued and the victim fled the house. She called the police from a nearby service station. Following police arrival, [the victim] was taken to the hospital. Subsequent tests revealed the presence of seminal fluid in her vagina and on her [underwear].

Opinion and Order, 8/17/95, at pp. 1–2.

After a non-jury trial, the trial court found Appellant guilty

of rape and burglary.[1] Post-trial motions were denied, and Appellant was sentenced to serve a ten to twenty year term of imprisonment on the rape conviction. He was further sentenced to a five to ten year term, to be served consecutively, on the burglary charge. Thereafter, Appellant acquired new counsel and brought direct appeal to this Court, which affirmed the judgment of sentence. *Commonwealth v. Robinson*, 419 Pa.Super. 661, 609 A.2d 586 (1992). Appellant did not seek *allocatur*.

Appellant filed a pro se PCRA petition on July 24, 1992. New counsel was appointed to represent him, and an amended PCRA petition was subsequently filed.[2] In his amended PCRA petition, Appellant contended that trial counsel was ineffective for failing to file a motion *in limine* to exclude testimony regarding an alleged prior rape of the same victim by Appellant, that trial counsel was ineffective for failing to object to the introduction of such testimony at trial, and that trial counsel was ineffective for failing to request a DNA test on the victim's clothing. The Appellant further asserted that the matter should be remanded to the trial court for DNA testing. The PCRA court denied Appellant's petition. As a result, Appellant brought a pro se appeal to this Court. Appellant's fourth and present counsel was appointed to represent him for purposes of the instant appeal.

■ In addressing the PCRA court's denial of relief in this matter, our scope of review is "limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error. The findings of the post-conviction court will not be disturbed unless they have no support in the record." *Commonwealth v. McCord*, 435 Pa.Super. 1, 8, 644 A.2d 1206, 1209 (1994), *alloc. den.*, 543 Pa. 725, 673 A.2d 332 (1996) (*quoting Commonwealth v. Granberry*, 434 Pa.Super. 524, 529–31, 644 A.2d 204, 207 (1994) (citation omitted.))

1. 18 Pa.C.S.A. §§ 3121 and 3502, respectively.

2. The amended petition was entitled "Petitioner Earl L. Robinson's Nunc Pro Tunc Appeal Under The Post Conviction Relief Act."

Appellant has presented the following questions for our review:

Was trial counsel ineffective because he failed to file a Motion in limine or make an objection at trial to the introduction of evidence regarding a prior rape of the victim by [Appellant]?

Was trial counsel ineffective in failing to request DNA testing?

Is [Appellant] entitled to DNA testing at this time, assuming appropriate specimens and samples still exist?

Appellant's Brief, at p. 2.

We initially address the fact that notwithstanding the questions presented to the PCRA court and posed to us above, Appellant's current counsel has actually argued that trial counsel was not ineffective during his representation of Appellant at trial. As such, Appellant's counsel limits this appeal to the contention that the matter should be remanded to the trial court for a determination as to the existence of evidence available for DNA testing.

In asserting the argument that trial counsel was not ineffective due to his failure to exclude evidence of the alleged prior rape, Appellant's current counsel states that, "[i]n accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel has made an independent review of the entire record and he concludes that this issue is without merit and that it is, in fact, frivolous." Appellant's Brief, at p. 5. Although we appreciate the candor of Appellant's counsel in assessing the merits of the ineffective trial counsel claims, we note that reference to *Anders* is incorrect both because current counsel is not requesting permission to withdraw from his representation of Appellant and because *Anders* provides the procedures to follow when counsel seeks to withdraw on *direct* appeal. Nevertheless, we agree that the ineffectiveness claims of trial counsel lack merit.

In order to demonstrate ineffective assistance of counsel, an appellant must show: "1) that the underlying claim is of arguable merit; 2) that counsel's performance was unrea-

sonable; and 3) that counsel's ineffectiveness prejudiced defendant." *Commonwealth v. Peterkin*, 538 Pa. 455, 460, 649 A.2d 121, 123 (1994), *cert. den.*, —— U.S. ——, 115 S.Ct. 2569, 132 L.Ed.2d 821 (1995), (citing *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987)). Further, under the PCRA, a petitioner alleging ineffective assistance of counsel must "plead and prove by a preponderance of the evidence that his conviction resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Granberry*, 434 Pa.Super. 524, 530, 644 A.2d 204, 207 (citing *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 565 A.2d 1204 (1989); 42 Pa.C.S.A. § 9543(a)(2)(ii)).

In the instant case, ineffective assistance of trial counsel claims could have been brought on direct appeal by Appellant's second counsel. It is true that an ineffective assistance of counsel claim will not be deemed waived where an appellant has a constitutional right to counsel. *Peterkin*, 649 A.2d at 125. Moreover, an accused has a constitutional right to counsel on direct appeal. *Id.* (citing *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). Nevertheless, a claim of ineffectiveness must be raised at the first opportunity in which the challenged counsel is no longer representing the appellant. *Granberry*, 644 A.2d at 207. In his PCRA petition and amendment thereto, Appellant has not alleged ineffectiveness of appellate counsel for failing to raise the ineffectiveness of trial counsel on direct appeal. Further, any ineffectiveness of trial counsel claims asserted in Appellant's PCRA petition and not argued on appeal are to be deemed abandoned by this Court. *See Commonwealth v. Bennett*, 512 Pa. 525, 530 n. 4, 517 A.2d 1248, 1250 n. 4 (1986). As such, we find that the ineffectiveness claims as to trial counsel have been waived.

Even absent waiver, however, we find that the ineffectiveness claims lack merit. The first two ineffectiveness claims surround the failure of trial counsel to object, either before or

during the trial, to the admission of the victim's testimony regarding an earlier alleged rape by the Appellant. At trial, the victim testified that Appellant had previously raped her approximately three months before the April 10, 1989, attack. N.T., 5/22/90, at pp. 30–35, 37–50. After the first attack, the victim called the police but decided to handle matters herself and took an ax to Appellant's workplace. She did not go through with an ax attack. N.T., 5/22/90, at pp. 33–35). Apparently, charges against both parties were dropped. Evidence of the alleged prior rape was introduced by the Commonwealth at trial. The PCRA court found such evidence to have been relevant and admissible. We agree.

It is axiomatic that evidence of prior bad acts may not be introduced to prove that a criminal has a propensity to commit other bad acts. However, evidence of other crimes may be introduced to show: "(1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design ...; or (5) to establish the identity of the person charged...." *Commonwealth v. Morris*, 493 Pa. 164, 175, 425 A.2d 715, 720 (1981). Further, as the trial court noted, "[p]rior crimes may also be introduced at trial to show a Defendant's motive, malice, or ill-will toward the victim." (citing *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979) (allowing evidence of prior arrest to show defendant's ill-will toward a homicide victim)). Opinion and Order, 8/17/95, at p. 6. In the instant case, the earlier act was another alleged rape involving the same parties, at the same location, within three months of each other. The victim went after Appellant with an ax after the first alleged attack. Such evidence was admissible at trial to show ill-will or malice between the parties and to show possible motive on the part of Appellant. We also agree with the PCRA court and Appellant's own counsel that trial counsel had a reasonable strategy behind not objecting to the inclusion of such evidence at trial. If counsel's actions were grounded on some reasonable basis to advance his client's interests, such assistance may be deemed constitutionally effective. *Commonwealth v. Williams*, 537 Pa. 1, 28–30, 640 A.2d 1251, 1265 (1994). Dur-

ing trial, Appellant's counsel attempted to impeach the victim's credibility by questioning her account of both the alleged January rape as well as the April rape.[3] The record indicates that trial counsel questioned both similarities and inconsistencies between the victim's accounts of the attacks and highlighted her psychiatric history. As the PCRA court stated, "[i]n view of [the victim's] uncontested earlier attempt to assault [Appellant] with an ax, trial counsel's aim, to persuade the factfinder that the complainant's account of the January rape was incredible, was a reasonable strategy to pursue in undermining this witness' credibility." Opinion and Order, 8/17/95, at p. 6.

Next, Appellant argued that his trial counsel was ineffective for failing to request a DNA test during trial. The instant trial took place in May of 1990. This Court approved the use of post-conviction DNA testing in *Commonwealth v. Brison*, 421 Pa.Super. 442, 618 A.2d 420 (1992). Counsel's representation is to be appraised in terms of the standards in effect at the time his or her stewardship is in question. *Commonwealth v. Pizzo*, 529 Pa. 155, 158–60, 602 A.2d 823, 825 (1992). Further, trial counsel may not be found ineffective for failing to predict future legal developments. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977). *Brison* was decided two years after this case came to be heard. Thus, this claim of ineffectiveness is baseless.

The final question presented by Appellant is whether he is entitled to DNA testing, assuming samples subject to analysis still exist. Appellant requests that this case be remanded to the PCRA court for a hearing to determine if evidence exists that may be subjected to DNA testing. The Commonwealth initially contends that this claim is not reviewable in the instant appeal because it was not raised in

3. Also, during post-verdict argument, trial counsel brought to the trial court's attention various similarities between the victim's account of both rapes. The court questioned whether, in the course of taking handwritten notes, it could have "missed the significance of the scenario as described in January as juxtaposed with the scenario of April 10[.]" N.T., 3/1/91, at p. 15. However, after hearing argument from both sides, the court denied Appellant's motions.

Appellant's PCRA petition. We note that in Appellant's amended PCRA petition, he states that, "... principles of justice require that [appellant]/petitioner's conviction be vacated and remand [sic] to the trial court for performance of DNA test [sic] on the samples taken from the victim." *See* Amended PCRA Petition, at p. 14. Also, the PCRA court treated this issue as part of the ineffectiveness claim regarding DNA testing. For these reasons, we do not find that this issue was waived.

On this issue, Appellant concedes that prior PCRA counsel failed to prove or even allege facts indicating that the relevant clothing or specimen samples were still in existence. However, Appellant contends that the PCRA court simply concluded that the evidence had been destroyed without conducting an investigation as to whether DNA evidence was still available. A brief examination of the recent case law addressing DNA testing is of some use in our analysis.

In *Commonwealth v. Rodgers*, 413 Pa.Super. 498, 605 A.2d 1228 (1992), *alloc. den.*, 532 Pa. 655, 615 A.2d 1311, this Court examined the admissibility of evidence gained from DNA analysis. We found that such evidence was generally accepted in the field as "scientifically valid" and, therefore, admissible as evidence in Pennsylvania. *Id.*, 605 A.2d at 1235. Additionally, this Court has discussed the use of DNA evidence in post-conviction matter in *Brison, supra,* and in *Commonwealth v. Reese*, 444 Pa.Super. 38, 663 A.2d 206 (1995). In *Brison*, the appellant was convicted of various offenses including rape and aggravated assault. The victim was brutally raped after midnight in a patch of briar bushes outside an apartment complex. After reporting the incident to the authorities, the victim went out on patrol in order to identify her attacker. Eventually, the appellant was identified as the attacker and was subsequently convicted in a jury trial of the rape and connected offenses. *Id.*, 618 A.2d at 420–21. In addition to challenges to the weight and sufficiency of the evidence, this Court was presented with the contention that appellant was denied due process because, although requested, both the trial court and Commonwealth failed to have DNA

testing performed on available samples. *Id.* at 423. After examining the guidance of several sister states and generally affirming the use of DNA testing in post-conviction proceedings, we determined that DNA tests should have been conducted in *Brison* due to the fact that the Commonwealth's evidence was largely based on the victim's identification, which could have been hindered due to her injury and the weather conditions. Further, there was a lack of conclusive physical evidence and the victim was unable to describe any facial characteristics of her attacker in her description to police. *Id.,* 618 A.2d at 425. This Court specifically stated that, "[u]nder these circumstances, principles of justice require us to vacate appellant's conviction and remand to the trial court for the performance of DNA analysis on the samples taken from the victim." *Id.* (footnote omitted).

In *Commonwealth v. Reese, supra,* this Court affirmed the granting of a new trial to appellee after the post-conviction court received exculpatory DNA evidence. In 1982, the appellee was convicted of rape, kidnapping, and other related charges. At trial, the victim identified the appellee as her assailant. Physical evidence indicating the presence of semen was presented at trial, although no DNA or similar test was performed due to the unavailability of such tests during the time period in question. In his PCRA petition, appellee claimed ineffective assistance of counsel and requested DNA testing. The PCRA court granted the request for testing based on the fact that DNA testing was viable after-acquired evidence, that it was not available at the trial, and that it had the potential to be exculpatory. The PCRA court determined that DNA testing could be performed on any remaining evidence, at petitioner's expense. Such DNA testing revealed that the appellee could not have deposited the seminal fluid introduced in the case. The PCRA court thereafter granted appellee's request for a new trial. *Id.,* 663 A.2d at 207. Before addressing whether the results of the DNA test permitted the PCRA court to award a new trial, this Court was faced with the question of whether the PCRA court erred in ordering the DNA testing. *Id.* at 207. Relying on *Brison,*we

found that the "same principles of justice" existed to warrant the testing. Specifically, the *Reese* Court pointed to the fact that the identification of the appellee as perpetrator was based on the testimony of the victim and was challenged at trial. Also, no physical evidence was offered to link appellee to the crimes. As such, this Court found that the PCRA court was proper in permitting the DNA testing. *Id.,* 663 A.2d at 208.

Instantly, in support of the denial of DNA testing, the PCRA court relied on *Brison* for the proposition that post-conviction DNA testing is only allowed "where the relevant samples are in existence." Opinion and Order, 8/17/95, at p. 7. The PCRA court and the Commonwealth cite to footnote 13 of *Brison* as providing support for this contention:

Upon receipt of the test results, the trial court must ascertain whether appellant is entitled to a new trial. *See Commonwealth v. Brosnick,* 530 Pa. 158, 160–62, 607 A.2d 725, 727 (1992) (discussing standard for evaluating whether after-discovered evidence warrants the award of a new trial). In deciding this question, the trial court must necessarily consider whether the test results would be admissible. *See id.* This determination should be performed in accordance with our decision in *Commonwealth v. Rodgers,* 413 Pa.Super. at 507–515, 605 A.2d at 1233–1236 (discussing the admissibility of DNA test results.) The judgment of sentence should be reinstated in the event that a new trial is not required.

Based on the record currently before us, we do not know whether the specimens taken from the victim are still available for testing. Our holding is thus contingent upon the continued existence of these materials. If the samples have not been preserved by the Commonwealth and there is no hint of bad faith in failing to preserve the evidence, the judgment of sentence must be reinstated. *See, e.g., Arizona v. Youngblood,* 488 U.S. [51] at 58, 109 S.Ct. [333] at 337, 102 L.Ed.2d [281] at 289 (1988) (holding that absent bad faith on the part of the police, the failure to preserve

potentially useful evidence does not constitute a denial of due process of law). . . .

*Brison,* 618 A.2d at 425–26 n. 13 (citations omitted).

We agree that *Brison* only provides for post-conviction DNA testing where the relevant samples have been preserved. At trial, the parties stipulated that a Johnson Rape Kit was completed; that smears and swabs taken from the vaginal, vulvular and cervical area of the victim indicated the presence of sperm; and that underwear provided by the victim tested positive as to the presence of spermatozoa. N.T., 5/22/90, at pp. 92–93. We recognize that in Appellant's amended PCRA petition, as he has admitted on appeal, there is no proof offered to indicate that such evidence still exists. Likewise, in his current request for a remand, Appellant once again has not alleged any facts indicating the existence of the relevant evidence. Further, Appellant fails to specify which evidence should be subjected to DNA testing. Additionally, we recognize that in the context of ineffective assistance of counsel, we have refused to permit an evidentiary hearing on the basis of insufficient factual allegations. *Commonwealth v. Bazabe,* 404 Pa.Super. 408, 414–16, 590 A.2d 1298, 1302 (1991), *alloc. den.,* 528 Pa. 635, 598 A.2d 992.

Nevertheless, in *Brison,* the record was obviously also unclear as to whether the samples taken from the victim were available. *See Id.* In *Reese, supra,* we stated that "where the requests for forensic tests are made in a post-conviction proceeding, the right to discovery will be implicated 'where a conviction rests largely on identification evidence and advanced technology could definitively establish the accused's innocence.'" *Reese,* 663 A.2d at 208 [citing *Sewell v. State,* 592 N.E.2d 705, 708 (Ind.App.Dist. 3 1992) ].[4] In this case, the

---

4. Quite recently, in *Commonwealth v. Godschalk,* 451 Pa.Super. 425, 679 A.2d 1295 (1996), this Court affirmed an order denying an appellant's request for DNA testing after applying this two-prong test. In *Godschalk,* this Court found that the appellant's conviction rested largely on his own confession; therefore, he failed to satisfy the identification prong of the test. *Id.*

PCRA court did not reach this analysis, as it concluded that there was no evidence shown to exist.[5]

Accordingly, we remand this matter to the PCRA court to conduct a hearing to determine whether specimens are available for DNA testing. If not, the inquiry is complete and the judgment of sentence is affirmed. If such specimens do exist, the PCRA court is to examine the merits of this case to determine whether the conviction rests largely on identification evidence and, if so, whether DNA evidence could definitely establish Appellant's innocence.[6] Finally, if exculpatory DNA evidence exists, a new trial is granted.

The matter is remanded for an evidentiary hearing consistent with this memorandum. Jurisdiction relinquished.

---

**5.** From our examination of the record, we note that the Commonwealth has represented that the relevant testing specimens have not been saved.

**6.** While Appellant did not testify at trial, he presented an alibi witness to establish that he was not the perpetrator.