689 A.2d 259

**COMMONWEALTH of Pennsylvania**

v.

**Stephen MOSS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 2, 1996.

Filed Jan. 24, 1997.

Steven N. Goudsouzian, Bethlehem, for appellant.

Mark S. Refowich, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before CAVANAUGH, SAYLOR and HESTER, JJ.

SAYLOR, Judge.

Stephen Moss appeals from an order entered in the Court of Common Pleas of Northampton County denying his fifth petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq.. We affirm.

The factual and procedural background in Appellant's case has been adequately summarized by the PCRA court as follows:

... [O]n the night of June 28, 1980, [Appellant] broke into a residence in Bethlehem, Northampton County, Pennsylvania, and over a two-hour period raped and performed involuntary deviate sexual acts on the female resident. When [Appellant] left, he took with him a pocketbook containing a small sum in cash and told the victim that he would return. [Appellant] was arrested while attempting to enter the house some two weeks later. At a jury trial before Judge Franklin Van Antwerpen on October 22, 1980, [Appellant] was found guilty of all charges. [Appellant's] motion for new trial and in arrest of judgment [was] denied on March 10, 1981. On April 24, 1981, [Appellant] was sentenced to nine to eighteen years. [Appellant] appealed with counsel to the Superior Court of Pennsylvania, which affirmed the judgment and sentence of the trial court ... on January 14, 1983.

[Appellant] filed his first PCHA application, and a hearing was held on February 20, 1985. He was represented by counsel. In an opinion issued on June 21, 1985, that petition was denied and dismissed. Appeals were taken to the Superior Court and then to the Supreme Court, and both were denied. [Appellant] filed a second PCHA petition, and counsel was appointed. The second petition was denied and dismissed in an opinion rendered October 21, 1987. Appeals were again taken to the Superior Court and then to the

Supreme Court. Both appeals were denied. [Appellant] also filed a petition for a writ of habeas corpus, which was denied without hearing on May 13, 1993. [Appellant's] motion to reconsider the order of court of May 13, 1993, was denied on June 3, 1993. A third post conviction petition was denied on December 16, 1994. An appeal to the Superior Court was withdrawn by the defendant. A fourth post conviction petition was denied for lack of jurisdiction because of the pendency of the appeal from the third post conviction petition denial. On December 8, 1995, [Appellant] filed a fifth post conviction petition....Because [Appellant] raise[d] an issue pertinent to DNA testing, the court appointed counsel, and a hearing was held on May 17, 1996.

In Appellant's present PCRA petition, he alleged that a hair sample taken from the bedding where the rape occurred constituted after-discovered evidence, since he would now be entitled to have the sample subjected to DNA testing, as the technology for such testing had not existed at the time of his trial. However, the sample had been destroyed by the Bethlehem Police Department five years after Appellant's trial. Accordingly, Appellant claimed that the destruction of the sample without subjecting it to testing constituted reversible error.

At the May 17, 1996 hearing, officers from the Bethlehem Police Department testified concerning departmental procedures pertaining to the retention of evidence. Prior to the hearing, Appellant had indicated to his counsel that he had no special knowledge regarding the evidentiary procedures and policies of the Bethlehem Police Department. Therefore, the hearing was conducted without the presence of Appellant, and PCRA counsel offered no other testimony during the proceeding. The PCRA court subsequently denied Appellant's petition by order dated July 23, 1996, and this appeal followed.

Appellant raises the following issues for review:

1) Whether it was error to preclude Appellant from being present at the evidentiary hearing held on May 17, 1996?

2) Whether Appellant is entitled to a new trial based on the unavailability of DNA testing at the time of trial, and the subsequent destruction of the hair sample upon which testing could now be conducted?

3) Whether Appellant is entitled to a new trial based upon the failure of trial counsel to request an alibi jury charge?

 Initially, we note that when reviewing the denial of a petition for post-conviction relief, we are limited to determining whether the PCRA court's findings are supported by the record and whether its order is otherwise free of legal error. *Commonwealth v. Stark*, 442 Pa.Super. 127, 658 A.2d 816 (1995). Additionally, since the PCRA petition at issue in the case was the fifth petition filed by Appellant, Appellant must offer a strong prima facie showing that a miscarriage of justice may have occurred in order for his request for relief to be entertained. *Commonwealth v. Lawson*, 519 Pa. 504, 513, 549 A.2d 107, 112 (1988). This standard is met if Appellant can demonstrate that the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate, that he is innocent of the crimes charged, or that his sentence is illegal. *Commonwealth v. Williams*, 442 Pa.Super. 590, 660 A.2d 614 (1995).

 Appellant first contends that the PCRA court erred in conducting the evidentiary hearing in his absence, when his counsel made a motion at the beginning of the hearing that the proceeding be deferred until Appellant could be present. However, the record reveals that the focus of the hearing was on the evidence retention practices of the Bethlehem Police Department, since such information was relevant to Appellant's PCRA claim that the hair sample should have been preserved and subjected to DNA testing. The PCRA court, in response to counsel's request to have the hearing deferred until Appellant was present, inquired whether there was any information that Appellant could provide to counsel with respect to the subject matter of the proceeding, namely, the evidence retention procedures and policies of the Bethlehem Police Department. Counsel responded that Appellant had

not indicated that he had any special knowledge regarding such practices; accordingly, the hearing proceeded without Appellant. The record reflects that the scope of the hearing was indeed confined to the officers' testimony concerning when and why the hair sample was destroyed; thus, Appellant's presence was unnecessary, and no substantive due process rights were violated by the conduct of the hearing. Furthermore, Appellant has failed to point to any evidence or testimony which he would have provided at the hearing. Therefore, we deem Appellant's first claim meritless.

■ In his second issue, Appellant argues that the PCRA court should have granted him a new trial on the basis of after-acquired evidence. *See,* 42 Pa.C.S.A. § 9543(a)(2)(vi).[1] Specifically, Appellant contends that the hair sample, had it not been destroyed, would be after-discovered evidence, and that he would be entitled to have DNA testing performed on the sample, as such procedures were not yet developed at the time of his trial. Appellant further contends that the destruction of the hair sample prior to the disposition of his collateral challenges to his conviction was error, thereby entitling him to relief.

In *Commonwealth v. Brison,* 421 Pa.Super. 442, 618 A.2d 420 (1992), the Superior Court held that in view of the wide acceptance and admissibility of DNA test results, *see, Commonwealth v. Rodgers,* 413 Pa.Super. 498, 605 A.2d 1228 (1992), and the ability of such testing to accurately and definitively inculpate or exclude an individual as the perpetrator of the crime, DNA tests should have been performed on semen samples taken from the victim. In remanding the matter to the trial court for the performance of DNA tests on the semen samples, the Superior Court noted that based upon

1. This section of the PCRA was recently amended, effective January 16, 1996, to require that the evidence in question be of a quality which would have *changed* the outcome of the petitioner's trial. However, at the time that Appellant filed his PCRA petition, the section required that the petitioner plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have *affected* the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi) (emphasis supplied).

the record, it could not ascertain whether such samples were in fact still available for testing. Accordingly, the court directed that if the samples had not been preserved by the Commonwealth and there was no hint of bad faith in its failure to preserve such evidence, the judgment of sentence would be reinstated. *Brison, supra,* 421 Pa.Super. at 452–454 n. 13, 618 A.2d at 425–426 n. 13, citing *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) (absent bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute denial of due process of law).

Recently, in *Commonwealth v. Robinson,* 452 Pa.Super. 606, 682 A.2d 831 (1996), the Superior Court addressed the issue of whether the defendant, whose PCRA petition had been denied, was entitled to DNA testing of clothing or specimen samples. The Superior Court, citing *Brison,* noted that post-conviction DNA testing is appropriate only where the relevant samples have been preserved. Accordingly, the court remanded the matter to the PCRA court for a hearing to determine the availability of such samples, since the existence of the specimens had not been conclusively established at the time of review.

Here, unlike *Brison* and *Robinson,* it is undisputed that the evidence which Appellant contends should be subjected to DNA testing is no longer in existence, having been destroyed by the Bethlehem Police Department. Accordingly, the relevant inquiry becomes whether such evidence was destroyed in bad faith. *See, Youngblood, supra; Commonwealth v. Tillia,* 359 Pa.Super. 302, 518 A.2d 1246 (1986) (absent indication that state police consciously destroyed blood sample in order to prevent discovery of exculpatory matter, suppression of blood alcohol test results was not required by Commonwealth's failure to preserve the sample for independent analysis); *see also, United States v. Deaner,* 1 F.3d 192 (3rd Cir.1993) (defendant who claims destroyed evidence might have proved exculpatory if it could have been subjected to tests has to demonstrate prosecution's bad faith in ordering or permitting its destruction; absent such showing, failure to preserve evi-

dence which might be of use to criminal defendant after testing does not constitute denial of due process).

In the instant case, the record indicates that no bad faith was involved in the destruction of the hair sample. The evidence received at the May 17, 1996 hearing established that it was the policy of the Bethlehem Police Department to authorize the destruction of evidence in non-homicide cases after the disposition of such cases on direct appeal. Moreover, the hair sample was not destroyed until five years after Appellant's trial and three years after the case had been affirmed on direct appeal. At the time that the sample was destroyed, Appellant's first petition for post-conviction relief had already been denied. Accordingly, the record evinces no bad faith on the part of either the police or the Commonwealth in the destruction of the hair sample in accordance with established policy; therefore, Appellant is not entitled to relief on this claim.

Appellant's final contention is that the PCRA court should have granted him relief in the form of a new trial, because trial counsel was ineffective for failing to request that the jury be instructed concerning the defense of alibi. To prevail on an ineffectiveness claim under the PCRA, a petitioner must demonstrate that his underlying claim is of arguable merit, that counsel had no reasonable basis for the act or omission in question, and that because of counsel's act or omission, the petitioner has suffered prejudice such that the outcome of the proceedings would have differed but for counsel's ineffectiveness. *See, Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

Here, the record indicates that the trial court's instruction to the jury concerning the evidence presented by Appellant that he was not at the scene of the crime was basically identical to the alibi instruction set forth in the Pennsylvania Standard Jury Instructions, Criminal, § 3.11. This instruction has been specifically approved by our Supreme Court in *Commonwealth v. Saunders*, 529 Pa. 140, 602 A.2d 816 (1992). Thus, there is no merit to Appellant's contention that the trial

court improperly instructed the jury regarding the defense of alibi, and counsel cannot be deemed ineffective for failing to assert such claim. *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

Having found the PCRA court's determination to be supported by the record and concluding that no miscarriage of justice occurred in Appellant's case, we affirm the order of the PCRA court denying Appellant's petition for collateral relief.

Order affirmed.