J-S64014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID STEWARD | |
| Appellant | No. 469 EDA 2016 |

Appeal from the PCRA Order entered January 19, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0020805-1986

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 22, 2016**

Appellant, David Steward, appeals *pro se* from the January 19, 2016 order entered in the Court of Common Pleas of Montgomery County, dismissing his third petition for collateral relief filed on May 29, 2015 pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46, and granting counsel's petition to withdraw under **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Following review, we affirm.

In its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing, the PCRA court provided the following factual and procedural background:

---

[*]Former Justice specially assigned to the Superior Court.

After a nine day jury trial in June 1986, [Appellant] was found guilty of first degree murder, aggravated assault, robbery, burglary, theft by unlawful taking, possession of an instrument of crime, criminal conspiracy, receiving stolen property, reckless endangerment and carrying firearms without a license.[1]   On May 12, 1987, he was sentenced to life imprisonment.

[1] The facts surrounding this case are as follows.  On New Year's Day 1986, two intruders broke into the home of Doctor Michael and Mary Groll.  After one intruder shot and killed Dr. Groll, the other intruder took a ring and money from Mrs. Groll.  Approximately two weeks later, [Appellant] was questioned about this matter.  Although given his *Miranda* rights, [Appellant] gave an oral statement implicating himself in the crime.  He subsequently signed a written waiver of his rights, a confession and made a drawing of the victims' bedroom.  Mrs. Groll later picked [Appellant] out of a line-up.

[Appellant's] first attempt at an appeal was ultimately dismissed by the Pennsylvania Superior Court.  After a *pro se* PCRA petition, [Appellant's] appellate rights were ultimately reinstated on November 20, 1999.  Counsel was appointed for this appeal but the appeal was denied by the Superior Court on April 25, 2001.  [Appellant] sought review by the Pennsylvania Supreme Court but this was also denied on December 4, 2001.  A second PCRA petition was filed on May 14, 2002 ["raising **only** the issue of DNA testing as it related to the hair sample recovered by the police"1].  This petition was dismissed by the trial court on December 16, 2002.  After an appeal, the Superior Court agreed with the trial court and affirmed the dismissal of [Appellant's] second PCRA petition.  The Pennsylvania Supreme Court declined to review the matter through an order dated May 11, 2004.  On July 29, 2004, [Appellant] filed a Petition for Writ of Habeas Corpus with the United States District Court for the Eastern District of Pennsylvania.  This matter was disposed of through opinions dated March 30, 2005 and August 30, 2007.

On May 29, 2015, [Appellant] filed a third *pro se* PCRA petition regarding DNA testing and relied on the exception for previously unknown facts.  On June 30, 2015, the [PCRA court] appointed [PCRA counsel] to represent [Appellant] in this matter.  The [PCRA court] gave counsel ninety (90) days from the date of the

---

1 PCRA Court Rule 907 Notice, 12/18/15, at 3.

appointing order to review the matter. On September 30, 2015, the undersigned granted [PCRA counsel's] request for a sixty (60) day continuance. On December 3, 2015, [PCRA counsel] filed a detailed "no merit" letter, pursuant to **Commonwealth v. Finley**, 550 A.2d 2013 (Pa. Super. 1988), as well as a request to withdraw as counsel, stating that in his opinion [Appellant] is not entitled to relief under the PCRA. Following this [c]ourt's independent review of the record, we determine that [PCRA counsel] is correct and no grounds exist which require an evidentiary hearing.[3]

> [3]With his "no merit" letter, [PCRA counsel] also filed [Appellant's] *pro se* Motion for Post-Conviction DNA Testing, which was essentially an amended *pro se* PCRA petition.

PCRA Court Rule 907 Notice, 12/18/15, at 1-2 (emphasis in original) (footnote omitted). In its Rule 907 Notice, the PCRA court explained its conclusion that Appellant's petition was untimely and that Appellant failed to plead or prove that information upon which he relied—a report of DNA analysis errors published in an April 18, 2015 *Washington Post* article—could not have been obtained earlier, despite the exercise of due diligence. *Id.* at 3-5. Further, Appellant did not establish that the *Washington Post* article, as "newly-discovered evidence," would likely compel a different verdict considering that Appellant confessed, that he drew a diagram of the crime scene, and that he was identified by Mrs. Groll. *Id.* at 5. Finally, the PCRA court concluded that the issue was previously litigated when Appellant's 2002 DNA request for testing of hair samples was denied by the PCRA court, a decision affirmed by this Court following which our Supreme Court denied his petition for allowance of appeal. *Id.*

Having determined that Appellant's petition was time-barred and lacked merit, the PCRA court announced that Appellant was not entitled to relief. *Id*. The court informed Appellant of his right to respond to the Rule 907 Notice within 20 days. *Id.* at 5-6. Appellant did not file a response.[2] The PCRA court issued its final notice of dismissal on January 19, 2016 and granted counsel's request to withdraw. This timely appeal followed.[3]

Appellant presents four issues for our consideration:

I. Whether the PCRA court erred in denying Appellant's Post Conviction Petition as time-barred and not therefore entertaining the merits therein, when Appellant invoked and established his after-discovered facts exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii) and section 9545(b)(2)?

II. Whether Appellant is entitled to a [n]ew [t]rial, or [r]emand for an evidentiary hearing based upon the newspaper article of April 18, 2015, in the Washington Post, where the U.S. Justice Department and the FBI formally acknowledged flaws in their hair analysis, and admitted using incomplete and misleading statistics to secure convictions; said tests were conducted in Appellant's trial in 1986, and used as evidence against him?

_____

[2] Appellant contends he filed an objection to the Rule 907 Notice on January 6, 2016. Appellant's Brief at 7. The docket does not reflect the filing of any objection or any other document between the date the notice was given and the date of the order dismissing Appellant's petition.

[3] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 22, 2016, the PCRA court filed an Opinion, directing this Court's attention to the PCRA court's Rule 907 Notice "as the place where the reasons for this Opinion may be found." PCRA Court Opinion, 2/22/16 at 1.

III. Whether the PCRA [c]ourt erred as a matter of law in denying Appellant's Motion for DNA testing, file[d] December 3, 2015, under 9543.1, where DNA testing would establish Appellant's "actual innocence"?

IV. Whether the PCRA [c]ourt erred as a matter of law by denying Appellant's second request for DNA testing when the first DNA motion was not fully or properly litigated, and where prior comparison tests are not considered unreliable?

Appellant's Brief at 4.[4]

We begin by setting forth our standard of review.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014).

In his first issue, Appellant contends the trial court erred in finding Appellant's petition was time-barred, asserting he invoked and established an after-discovered facts exception under § 9545(b)(1)(ii) and within the time constraints of § 9545(b)(2). As this Court has reiterated, "The timeliness of a PCRA petition is a jurisdictional threshold and may not be

_____

[4] Appellant has not challenged the adequacy of PCRA counsel's "no-merit" letter. Therefore, that issue is not before this Court. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 (Pa. 2009).

disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely." *Id.* (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)).

In *Lawson*, we explained:

Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

*Id.* at 4-5.

As reflected above, this Court affirmed Appellant's judgment of sentence on April 25, 2001 and our Supreme Court denied Appellant's petition for allowance of appeal on December 4, 2001. Therefore, his judgment of sentence became final 90 days later, on March 3, 2002, the deadline for filing a writ of certiorari with the United States Supreme Court. U.S.Sup.Ct. Rule 13. In accordance with § 9545(b)(1) and absent any applicable exception, Appellant's deadline for filing his PCRA petition was

March 3, 2003. The instant petition, filed on May 29, 2015, is patently untimely and we may not consider its merits, if any, unless petitioner asserts one of the timeliness exceptions and files his petition within sixty days of the date the exception could be asserted. 42 Pa.C.S.A. § 9545(b)(2). Here, Appellant invoked the exception recognized in § 9545(b)(1)(ii), *i.e.*, that facts were unknown to him and could not have been ascertained by the exercise of due diligence. He contends he filed his petition in accordance with § 9545(b)(2) by filing the petition within sixty days of publication of the *Washington Post* article relating to faulty DNA hair analysis.

Appellant's assertion that he could not have been aware of the DNA hair analysis issue prior to April 18, 2015 is belied by his own exhibits to his petition that included a March 2012 article and a July 2013 article dealing with the same issue. Further, as the PCRA court noted:

> In 2002, [Appellant] filed a PCRA petition raising **only** the issue of DNA testing as it related to the hair sample recovered by the police. [Appellant] was obviously on notice as to the availability of DNA testing at that time and therefore could have requested testing on all the other evidence in the case. As [Appellant] did not seek DNA testing for any other evidence previously, it is this [c]ourt's opinion the [Appellant's] current request to have additional evidence DNA tested is time-barred and the [c]ourt lacks the jurisdiction to address this request.

PCRA Court Rule 907 Notice, 12/18/15, at 3 (emphasis in original). We find the record supports the PCRA court's determination on the issue of timeliness and that its decision is free of legal error. Finding no error in the PCRA court's determination, we shall not disturb it.

In his second issue, Appellant contends he is entitled to a new trial or remand for evidentiary hearing based on the *Washington Post* article. In light of our conclusion that the PCRA court properly dismissed Appellant's PCRA petition as untimely filed, Appellant's second issue is moot.

Appellant next argues that the PCRA court erred by denying his Motion for Post Conviction DNA Testing, asserting that DNA testing would establish his actual innocence. The PCRA court, having determined the May 29, 2015 petition was untimely, did not discuss the December 3, 2015 motion separately. Because it was clearly a motion for DNA testing filed under § 9543.1 and not a PCRA petition, we shall address it.

According to PCRA counsel:

> Based upon [Appellant's] desire to expand the number of items for which he sought DNA testing, the undersigned requested, and was granted by Order of September 30, 2015, additional time within which to review the matter so as to determine whether [Appellant's] requests had merit pursuant to the PCRA. Thereafter, on November 3, 2015, [Appellant] sent to counsel a comprehensive Motion for Post-Conviction DNA Testing. [Appellant] directed the undersigned to file the Motion with the Court. A copy of the Motion is attached hereto as Exhibit "A." As with the original Petition[] for PCRA Relief, filed May 29, 2015, the undersigned does not believe that the Motion for Post-Conviction DNA Testing has merit.

*Finley* No-Merit Letter, 12/3/15, at 3. Although attached as an exhibit to counsel's no-merit letter, the docket reflects that PCRA counsel separately filed the motion on December 14, 2015. However, the PCRA court did not consider it as a motion for DNA testing filed in accordance with § 9543.1.

Instead, the court treated the motion as "essentially an amended *pro se* [PCRA] petition." PCRA Court Rule 907 Notice, 12/18/15, at 2 n.3.

In **Commonwealth v. Gacobano**, 65 A.3d 416 (Pa. Super. 2013), this Court commented:

> "Post conviction DNA testing does not directly create an exception to § 9545's one-year time bar. **See** 42 Pa.C.S.A. § 9543.1. Rather it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2). **See** 42 Pa.C.S.A. § 9543.1(f)(1)." **Accord Commonwealth v. Scarborough**, [] 64 A.3d 602, 609 ([Pa.] 2013) ("the litigation of a motion for DNA testing under Section 9543.1 is, in substance, a wholly separate proceeding from litigation of a PCRA petition."); **Commonwealth v. Williams**, 35 A.3d 44, 50 (Pa. Super. 2011) ("This Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1."). While the PCRA petition filed in this case comingled the DNA test request with other PCRA-based requests for relief, the two forms of relief must be bifurcated and the DNA testing issue is to be addressed first. **Williams, supra.**

*Id.* at 419 (footnote omitted).

In accordance with the provisions of 42 Pa.C.S.A. § 9543.1 addressing post conviction DNA testing, a convicted individual serving a term of imprisonment may file a written motion seeking DNA testing of specific evidence related to the prosecution resulting in the individual's conviction. 42 Pa.C.S.A. § 9543.1(a). Upon receipt of a motion filed pursuant to § 9543.1(a), the court is to, *inter alia*, notify the Commonwealth and afford the Commonwealth an opportunity to respond. § 9543.1(b). The court proceeds to determine whether the requirements of § 9543.1(c) are satisfied

and then issues an order for testing or explains why testing is not warranted. § 9543.1(c) and (d). Those procedures were not followed in light of the fact the PCRA court treated the motion as an amended PCRA petition.

However, even if the PCRA court addressed the motion as a § 9543.1(a) motion, Appellant would not be entitled to relief based on the "law of the case" doctrine. As this Court explained in *Gacobano*,

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. . . . The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy . . . but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Gacobano*, 65 A.3d at 419-20 (quoting *Commonwealth v. McCandless*, 880 A.2d 1262, 1267 (Pa. Super. 2005) (additional citation omitted)). Therefore, under law of the case doctrine,

> [W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata.* "The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata;* one directs discretion, and the other supercedes (*sic*) it and compels judgment. In other words, in one it is a question of power, in the other of submission." The rule of the "law of the case" is one largely of convenience and

public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power.

*Id.* at 420 (quoting **McCandless**, 880 A.2d at 1268 (additional citation omitted)).

As reflected in the PCRA court's factual and procedural summary set forth above, Appellant filed a second PCRA petition on May 14, 2002 "raising **only** the issue of DNA testing as it related to the hair sample recovered by the police." PCRA Court Rule 907 Notice, 12/18/15, at 3 (emphasis in original). The PCRA court dismissed the petition on December 16, 2002, noting *inter alia* that DNA testing is appropriate when a conviction rests largely on identification and DNA technology could definitely establish an accused's innocence. PCRA Court Opinion, 4/15/03, 18-20 (citing **Commonwealth v. Godschalk**, 679 A.2d 1295, 1297 (Pa. Super. 1997) (additional citations omitted)). The PCRA court explained that testing could not positively exonerate Appellant, unlike the appellant in **Godschalk**, noting that DNA results could not exclude Appellant from having committed the crime and, therefore, would not conclusively exculpate Appellant from having committed a murder to which he confessed and during the commission of which he was positively identified. *Id.*[5]

_____

[5] Although Appellant's 2002 sought DNA testing of only hair recovered by police, the rationale applied to denial of the 2002 petition is equally
*(Footnote Continued Next Page)*

Appellant filed an appeal to this Court. On October 20, 2003, we affirmed the dismissal of Appellant's second PCRA petition. On May 11, 2004, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Steward*, 839 A.2d 1164 (Pa. Super. 2003), *appeal denied*, 849 A.2d 1205 (Pa. 2004). Therefore, applying the law of the case doctrine, Appellant's third issue claiming error in relation to his petition for DNA testing must fail. Consequently, Appellant's fourth issue is rendered moot.

Our review confirms that the record supports the PCRA court's dismissal of Appellant's third PCRA petition. Because the PCRA court's decision is free of legal error, we shall not disturb it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016

*(Footnote Continued)* ⸺⸺⸺⸺⸺⸺⸺

applicable to Appellant's request for comprehensive DNA testing of numerous pieces of evidence.