J-S21043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JONES | : | |
| | : | |
| Appellant | : | No. 1539 MDA 2021 |

Appeal from the Order Entered November 8, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005551-2016

BEFORE: DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: JULY 26, 2022**

William Jones (Jones) appeals an order of the Court of Common Pleas of Berks County (PCRA court) denying a motion for credit time. We affirm.[1]

Jones was sentenced on June 29, 2017, after having been convicted of several drug-related offenses. He received an aggregate term of 6 to 12 years, with 142 days of credit for time served. The judgment of sentence was affirmed on direct appeal on January 24, 2018. ***See generally Commonwealth v. Jones***, 1232 MDA 2017 (Pa. Super. January 24, 2018).

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Jones has also asked for his sentences to be modified so that they run concurrently. However, this claim is undeveloped in the brief, unpreserved for appellate review, and not cognizable under the PCRA. Accordingly, the claim cannot be considered on the merits.

Jones filed a counseled PCRA petition on March 18, 2019. The petition was summarily denied on October 22, 2019, and counsel was permitted to withdraw on the ground that the claims had no merit. Jones' *pro se* appeal from the denial of PCRA relief was dismissed for failure to file a brief on July 21, 2020.

On October 4, 2021, Jones filed a *pro se* motion to receive credit for time served during pre-sentence incarceration. He argued that he was erroneously deprived of credit for all of the time he spent in custody between the date of his arrest on October 29, 2016, and the date of his sentencing on June 29, 2017. Because this period of time totaled 243 days, and he was only given credit for 142 days (for the custody period between the date that bail was set on February 8, 2017, and the date of sentencing), Jones contended that he was entitled to credit for the remaining time.[2]

The PCRA court dismissed the motion for lack of jurisdiction on November 8, 2021. On November 29, 2021, Jones proceeded *pro se* in filing the present appeal from that order.[3] The PCRA court entered a statement *in*

_____

[2] Jones had also filed similar motions on April 30, 2021, and June 23, 2021, raising identical grounds.

[3] A PCRA petitioner is only entitled to counsel as of right when filing a petition for post-conviction relief for the first time; thereafter, no right to counsel attaches. **See** Pa.R.Crim.P. 904(D); **Commonwealth v. Maple**, 559 A.2d 953 (Pa. Super. 1989) (stating that when post-conviction counsel has been permitted to withdraw, new counsel shall not be appointed).

*lieu* of a 1925(a) opinion on January 12, 2022. **See** PCRA Court Statement *In Lieu* of Opinion, 1/22/2022, at 1-4. The PCRA court explained in the statement that Jones' request for additional credit time was an untimely and successive PCRA petition which the PCRA court had no jurisdiction to entertain on the merits. The PCRA court also noted that, regardless, the additional credit time Jones sought was accrued while he was in custody on a parole violation warrant in an unrelated case. As such, Jones would not be entitled to apply that time against his sentence in the present matter. **See** 42 Pa.C.S. §§ 9541-9545 (Post-Conviction Relief Act (PCRA)).

A request for credit time is a form of post-conviction relief that is cognizable under the PCRA. **See Commonwealth v. Perry**, 563 A.2d 511, 513 (Pa. Super. 1989) (noting that claims of sentencing illegality based on a trial court's failure to award time-credit are cognizable as due process challenges in PCRA proceedings); **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004); **see also** 42 Pa.C.S. § 9542 (the PCRA is the only means of obtaining collateral relief in Pennsylvania law). Accordingly, Jones' motion was, in effect, a petition for post-conviction relief that was subject to the PCRA's filing requirements.[4]

---

[4] When reviewing a post-conviction court's grant or denial of relief in PCRA proceedings, the appellate court is limited to evaluating whether the record supports the PCRA court's findings and whether the order is free from legal error. **See Commonwealth v. Granberry**, 644 A.2d 204, 207 (Pa. Super. 1994). "The findings of the post-conviction court will not be disturbed unless
*(Footnote Continued Next Page)*

Since Jones' first PCRA petition has already been fully litigated on the merits, his present petition is both successive and untimely. Claims that could have been but were not raised in an earlier PCRA petition or on direct appeal are deemed waived. **See** 42 Pa.C.S. § 9544(b). The PCRA's strict jurisdictional time-bar also requires a petition to be filed within one year from the date that the subject judgment of sentence became final. **See** 42 Pa.C.S. §§ 9545(b)(1), 9545(b)(3).

Here, Jones' judgment of sentence was entered on June 29, 2017, and it was affirmed on January 24, 2018. Jones sought no further review, so the judgment of sentence became final on February 23, 2018, giving Jones until February 23, 2019, to file a timely PCRA petition. Jones first PCRA petition was summarily denied on October 22, 2019. Thus, the subject requests for post-conviction relief filed by Jones on April 30, 2021, June 23, 2021, and October 4, 2021, are both successive and untimely as they were filed well after a year beyond the date on which his judgment of sentence became final.

In order to have his present claims heard on the merits, Jones would need to satisfy an exception to the PCRA's jurisdictional time-bar and the PCRA's prohibition on serial petitions. **See** 42 Pa.C.S. §9545(b)(1)(i)-(iii).

---

they have no support in the record." **Commonwealth v. Robinson**, 682 A.2d 831, 833 (Pa. Super. 1996) (quoting **Granberry**, 644 A.2d at 207) (other citations omitted). An appeal regarding the legality of the sentence examines a question of law; thus, the standard of review is plenary. **See Commonwealth v. Duffy**, 832 A.2d 1132, 1137 (Pa. Super. 2003).

- 4 -

Although the PCRA makes exceptions to these procedural bars, Jones has not attempted to establish such an exception. Thus, the belated request in Jones' serial PCRA petition for additional credit time was properly denied by the PCRA court for lack of jurisdiction. *See Commonwealth v. Jackson*, 30 A.3d 516, 521-22 (Pa. Super. 2011) (explaining that even though a request for credit time is a non-waivable issue that implicate the legality of a sentence, such claims are still subject to the PCRA's jurisdictional requirements).[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/26/2022

---

[5] Even if Jones' claim could be heard on the merits, it would be of no avail because the record does not establish that the claim is meritorious. Jones seeks credit time as to the above-captioned docket numbers, but the trial court had found that credit for that time had already been applied as to a separate case for which Jones was incarcerated. For several months preceding February 8, 2017, Jones was being detained under a parole violation warrant. Secure bail was set on that date, and from that point on, Jones began receiving credit for time served in the instant case. The record contains no evidence that would refute the trial court's findings in this regard, and the law is clear that where a defendant is "arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence." *See* 42 Pa.C.S. § 9760(4); *see also Jones v. Dept. of Corr.*, 683 A.2d 340, 342 (Pa. Cmwlth. 1996); *Doxsey v. Penn. Bur. of Corr.*, 674 A.2d 1173, 1175 (Pa. Super. 1996).