J-S77037-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY G. BLANK, | : | |
| | : | |
| Appellant | : | No. 1792 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 24, 2014
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0002351-2007

BEFORE:    STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED FEBRUARY 11, 2015**

Gary G. Blank (Appellant) has appealed, *pro se*, from his judgment of sentence entered following the revocation of his probation.  We remand with instructions.

The record reveals the following facts.  Appellant was represented at his revocation hearing, at the conclusion of which his privately-retained counsel, Jason Rubenstein, orally sought to withdraw, citing Appellant's inability to afford counsel.  The trial court denied the motion, stating: "You took this representation on, you are going to have to at least protect him with regard to the time period to file anything [(*i.e.,* a post-sentence motion and/or appeal)], and that is that.  When you do all that, at that point then the application can be made for you to withdraw."  N.T., 4/24/2014, at 38.

The docket reflects no subsequent filings by counsel.

*Retired Senior Judge assigned to the Superior Court.

Appellant, *pro se*, filed a notice of appeal on May 15, 2014. On May 19, 2014, he filed a document docketed as "Petition to Remove Attorney" which states, in its entirety, as follows: "I would like to remove Jason Rubenstien [*sic*] from my name on above case ID # and please send me an application for *in forma pauperious* [*sic*] to proceed with my appeal in which an [*sic*] notice of appeal was mailed in dated May 9, 2014 *pro se*." Petition to Remove Attorney, 5/19/2014. Appellant then filed the application to proceed IFP and another notice of appeal.

On June 5, 2014, the trial court entered an order providing that Appellant's "petition to proceed *pro se* is hereby approved." Order, 6/5/2014.[1] The trial court subsequently entered orders directing Appellant to file a statement of errors complained of on appeal and granting Appellant's IFP petition.

"It is fundamental that an accused has a constitutional right to counsel on direct appeal." **Commonwealth v. Kent**, 797 A.2d 978, 980 (Pa. Super. 2002). "When the defendant seeks to waive the right to counsel…, the judge shall ascertain from the defendant, on the record, whether this is a

---

[1] By implication, this order granted Attorney Rubenstein leave to withdraw his appearance, and he is not listed as counsel of record on the trial court docket contained in the certified record. However, the docket indicates that Appellant is represented by William L. Goldman, who was served with notice of the filing of transcripts in this case on July 17, 2014, although it also indicates that Attorney Goldman did not file an entry of appearance.

knowing, voluntary, and intelligent waiver of counsel." Pa.R.Crim.P. 121(C).

*See also Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

> To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

The record before us lacks clear indication that Appellant wished to proceed *pro se*, let alone that he intelligently, voluntarily, and knowingly waived his right to counsel. Accordingly, we remand for the trial court to comply with its duties under Rule 121.

Within 60 days of this order, the trial court shall conduct a hearing to determine (1) whether Appellant wishes to proceed *pro se*; (2) if Appellant does wish to proceed *pro se*, to hold a colloquy to determine whether he knowingly and intelligently waives his right to counsel; (3) if Appellant does not wish to proceed *pro se*, given his IFP status, to appoint counsel to represent him.

If the trial court determines that Appellant knowingly and intelligently waives his right to counsel, it shall certify its decision to this Court, and we shall proceed with the previously-submitted briefs.

If, on the other hand, the trial court determines that counsel will be appointed, the trial court shall establish a new deadline for counsel to file a statement of matters complained of on appeal, after which the trial court shall file a new opinion and, following certification of the decision by the trial court, the Superior Court Prothonotary shall establish a new briefing schedule.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/11/2015