J-S05020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAFAEL R. SANCHES, JR., | : | |
| | : | |
| Appellant | : | No. 855 WDA 2014 |

Appeal from the Judgment of Sentence Entered April 15, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0001914-2013.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 18, 2015**

Appellant, Rafael R. Sanches, Jr., *pro se*, appeals from the judgment

of sentence entered in the Court of Common Pleas of Erie County.  For the

reasons that follow, we remand with instructions.

The trial court summarized the factual and procedural history of this

case as follows:

> On or about March 22, 2013, a Confidential Informant
> ("CI") provided information to the City of Erie police that there
> was going to be a delivery of 10.6 pounds of marijuana to the
> CI's home at 823 Washington Place in Erie later that same day.
> According to the CI, Appellant and a co-conspirator, Ricardo
> Melendez-Angulo, were to deliver the marijuana.  Appellant
> would be driving a blue Chevrolet Impala.
>
> The police set up surveillance and observed Appellant drive
> a blue Impala to the rear of the CI's residence.  Ricardo
> Melendez-Angulo, who owned the vehicle, was in the passenger
> seat.

The vehicle was seized and towed to the Erie Police Department. A search warrant was obtained and the vehicle was searched with the aid of a drug-sniffing dog. In the trunk of the vehicle, the police found a garbage bag containing a box of sandwich bags, a box of one-gallon zip-lock bags, a digital scale and eleven one-gallon bags each containing approximately ten and one-half pounds of marijuana, with a street value of $24,600 to $49,208.

Appellant was charged with one count each of Criminal Conspiracy (to commit Possession with Intent to Deliver Marijuana); Possession with Intent to Deliver; Possession of a Controlled Substance; Possession of Drug Paraphernalia; and Criminal Use of Communication Facility (use of cell phone to arrange a drug delivery).[1] *Criminal Information, July 23, 2013.*

[1] 18 Pa.C.S.A. §903/35 P.S. §780-113(a)(30); 35 P.S. §780-113(a)(30); 35 P.S. §780-113(a)(16); 35 P.S. §780(a)(32); and 18 Pa.C.S.A. §7512(a), respectively. It is noted the original sentencing Order erroneously listed Count 1 as Possession with Intent to Deliver. The sentencing Order was corrected to reflect Count 1 is Criminal Conspiracy (to commit Possession with Intent to Deliver).

On September 9, 2013, Appellant filed a Petition for Writ of Habeas Corpus alleging the Commonwealth did not establish a prima facie case as all relevant information the police received was from the CI who did not testify at the preliminary hearing. The only Commonwealth witnesses were two police officers whose testimony was based solely on hearsay. After a hearing on October 1, 2013, Judge Connelly denied the Petition for Writ of Habeas Corpus by Order dated October 4, 2013.

Appellant filed an Omnibus Motion for Pretrial Relief seeking to suppress the evidence. After a hearing, Judge Connelly denied the motion to suppress the evidence by Opinion and Order dated November 26, 2013.

Appellant and the Commonwealth entered into a negotiated plea agreement whereby Appellant would plead guilty to all five counts. In return, the Commonwealth would reduce

the weight of the marijuana to 9.9 pounds for sentencing and waive the mandatory minimum at Count Two, Possession with Intent to Deliver.  Appellant pled guilty to the five counts on January 15, 2014.  Appellant was sentenced on April 15, 2014 as follows:

| | |
|---|---|
| Count One: | 15 to 30 months of incarceration concurrent with Docket Numbers 1271/1272 of 1998 (Lehigh County); |
| Count Two: | 15 to 30 months of incarceration consecutive to Count One; |
| Count Three: | Merged with Count 2; |
| Count Four: | 12 months of probation concurrent with Count 5; and |
| Count Five: | 36 months of probation consecutive to Count 2. |

On April 23, [2014], Appellant filed a Motion to Modify/Reconsider Sentence seeking to have the sentence at Count Two imposed concurrently rather than consecutively.  The Motion to Modify was denied by Order on April 23, 2014.  Appellant timely filed a Notice of Appeal on May 22, 2014, and a Concise Statement of Matters/Errors Complained of on Appeal on June 3, 2014.

Trial Court Opinion, 7/3/14, at 1-3.

Appellant presents the following issues for review:

I.     Did the court err or abuse its discretion when it determined that the CI's reliability was further enhanced by his admission, against interest, as to his recent involvement in a drug delivery taking into consideration the fact that the CI never gave past reliable information;[]only cooperated with police once they served a search warrant on his residence; and the specific information from the CI was not corroborated by an actual,[]controlled buy of drugs?

II. Did the court err or abuse its discretion when it denied [A]ppellant's application to suppress all the physical [evidence] which was found in the car taking into consideration the fact that law enforcement officers in this case completely ignored the need to apply for an anticipatory search warrant although the facts present a textbook example of a case in which such a warrant would be appropriate; and where the Affidavit of Probable Cause is further silent as to the reliability of the CI?

III. Did the court err or abuse its discretion by not merging Count 1,[]Criminal Conspiracy (to commit possession with intent to Deliver) with Count 2, Possession with Intent to Deliver for sentencing purposes?

IV. Did the court err or abuse its discretion by determining that the Commonwealth established a prima facie case because all relevant information the police received was from the CI who did not testify at the preliminary hearing taking into consideration the fact that the only Commonwealth witnesses were two police officers whose testimony was based solely on unreliable hearsay information supplied by the CI?

Appellant's Brief at 4.

Before addressing the merits of Appellant's claims, we first note that it has seemed to escape the combined attention of the Commonwealth and the trial court that Appellant was denied his constitutional right to counsel on direct appeal. *See Commonwealth v. Kent*, 797 A.2d 978, 980 (Pa. Super. 2002) (citing *Douglas v. California*, 372 U.S. 353 (1963) ("It is fundamental that an accused has a constitutional right to counsel on direct appeal."); Pa.R.Crim.P. 122(B)(2) (assignment of counsel "effective until final judgment, including any proceedings on direct appeal"). *See also Smith v. Com., Pennsylvania Bd. Of Probation and Parole*, 574 A.2d

558, 563 (Pa. 1990) (stating: "Both the federal and state constitutions guarantee an indigent the right to have counsel appointed for the purpose of appealing a criminal conviction"). In fact, in summarizing the procedural and factual history of this case, the trial court makes no mention of appointed counsel being permitted to withdraw or Appellant's *pro se* filings.

Because it is relevant to our analysis, we set forth the following additional procedural history in the case *sub judice*. Appellant was represented by appointed counsel through trial and sentencing. Following sentencing, Appellant filed a *pro se* pleading on April 21, 2014, seeking modification or reconsideration of his sentence. The clerk of courts forwarded the *pro se* pleading to appointed counsel, Eric Hackwelder. Letter to Attorney Hackwelder from Clerk of Courts, 4/21/14, at 1. On April 23, 2014, appointed counsel filed a motion for reconsideration of sentence on Appellant's behalf. Motion to modify/reconsider sentence, 4/23/14, at 1-2. On that same date, Attorney Hackwelder filed a motion to withdraw as counsel. Motion to withdraw as counsel, 4/23/14, at 1-2.

By order entered April 24, 2014, the trial court denied Appellant's motion to modify or reconsider his sentence. Trial court order, 4/24/14, at 1. On April 25, 2014, the trial court entered an order granting Attorney Hackwelder's motion to withdraw. Trial court order, 4/25/14, at 1.

The certified record includes a notice of appeal from the April 23, 2014 order, filed by Appellant, *pro se*. The notice of appeal, however, does not indicate the date of mailing, nor does it bear any time stamps. The docket reflects a filing date of May 22, 2014 for the notice of appeal. The record also includes a "petition for continuation of *informa pauperis* status for purposes of appeal", filed *pro se* by Appellant.[1] In that petition, Appellant states that he cannot afford an attorney and identifies his right to the assistance of counsel in the preparation of the appeal. Petition for continuation of *in forma pauperis* status for purposes of appeal, 5/22/14, at 2.

By order entered May 22, 2014, the trial court acknowledged receipt of Appellant's notice of appeal and ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Trial court order, 5/22/14, at 1. In that order, the trial court also granted Appellant's request to proceed *in forma pauperis*. Appellant, *pro se*, filed a Pa.R.A.P. 1925(b) statement.

As set forth above, after Attorney Hackwelder was permitted to withdraw as counsel, Appellant filed a *pro se* notice of appeal. Although Appellant was entitled to counsel on this direct appeal, **Kent**, 797 A.2d at 980, there is no indication in the record that the trial court appointed

---

[1] The docket entries reflect a filing date of May 22, 2014 for this document also.

counsel for Appellant. Indeed, Appellant continued to proceed with the appeal, *pro se*.

As a result of the violation of Appellant's right to counsel, we remand for appointment of appellate counsel. Counsel is directed to file a Pa.R.A.P. 1925(b) statement within thirty days of appointment. The trial court shall then prepare and file a Pa.R.A.P. 1925(a) opinion within forty-five days of the filing of the 1925(b) statement. Thereafter, the record shall be returned to this Court. Appellant shall file a brief within thirty days of the filing of the Pa.R.A.P. 1925(a) opinion. The Commonwealth shall have thirty days to respond.

Case remanded with instructions. Panel jurisdiction retained.