J-S25010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARL EDWARD JOHNSTON, JR. | |
| Appellant | No. 1651 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 6, 2018
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000763-2017

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 17, 2019**

Appellant, Carl Edward Johnston, Jr. appeals *pro se* from the September 6, 2018 judgment of sentence imposing an aggregate 13 to 43 months of incarceration for possession of a controlled substance and possession of drug paraphernalia.[1]  We remand.

Article I, § 9 of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution guarantee a criminal defendant the right to counsel at trial and through the completion of a direct appeal.  *Douglass v. California*, 372 U.S. 353 (1963); *Commonwealth v Kent*, 797 A.2d 978, 980 (Pa. Super. 2002).  A defendant also has the right to proceed *pro se* on appeal.  *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998);

---

[1]  35 P.S. § 780-113(a)(16), (32).

*Commonwealth v. Rogers*, 645 A.2d 223, 224 (Pa. 1994). "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Grazier*, 713 A.2d 81 at 82.

Moreover, the trial court is responsible for conducting a waiver colloquy if the defendant invokes his right to self-representation. *Commonwealth v. Johnson*, 158 A.2d 117, 121 (Pa. Super. 2017).

> In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it. Failing to conduct an on the record colloquy pursuant to [Pa.R.Crim.P.] 121(C) before allowing a defendant to proceed *pro se* constitutes reversible error. Once federal constitutional rights are involved, and once it is clear ... a particular defendant did not exercise those rights, our inquiry must be whether there was a valid waiver of those constitutional rights. **Furthermore, waiver cannot be presumed in a silent record.**

*Id.* at 121–22 (emphasis added). The record before us is silent on whether Appellant validly waived his right to counsel for purposes of this appeal. In accord with *Johnson*, we must *sua sponte* remand for completion of the record and/or a valid waiver of counsel colloquy.

The record reflects that a jury found Appellant guilty of the aforementioned offenses at the conclusion of a June 5, 2018 trial, at which Appellant was represented by counsel. On August 2, 2018, prior to sentencing, counsel filed a motion for judgment of acquittal on Appellant's behalf pursuant to Pa.R.Crim.P. 704(B). Four days later, on August 6, 2018, counsel filed a motion to continue the sentencing proceeding, which had been

set for August 13, 2018. By order of August 16, 2018, the trial court granted that motion and continued the sentencing proceeding until September 6, 2018. Subsequently, on September 10, 2018, Appellant filed a *pro se* post-sentence motion, though due to an issue with the prison mail system, the trial court did not receive that motion until much later. October 1, 2018, Appellant, again proceeding *pro se*, filed a request for transcripts[2] and a motion for bail pending appeal. He filed a *pro se* notice of appeal the same day. On November 5, 2018, the trial court filed an order granting Appellant's *pro se* motion to proceed *in forma pauperis*.

On November 29, 2018, Appellant filed a *pro se* motion to compel counsel to surrender the case file. On December 13, 2018, the trial court issued a rule on counsel to show cause why Appellant was not entitled to that relief. Counsel answered on January 7, 2019, averring that he forwarded the file to Appellant. In that filing, counsel referenced an order granting his request to withdraw. Answer to Petition, 1/7/19, at ¶ 4. Counsel also referenced a conversation with another attorney who "indicated that he may be representing on appeal Defendant/Petitioner." *Id.* The certified record contains no order granting counsel's request to withdraw, nor did appellate counsel ever enter an appearance on Appellant's behalf.

---

[2] We note that the record does not contain a transcript of the September 6, 2018 sentencing proceeding. We therefore do not know whether Appellant proceeded *pro se* at sentencing.

In summary, we cannot discern the validity of Appellant's waiver of appellate counsel. We therefore remand for completion of the record[3] and/or a waiver of counsel colloquy. If Appellant is unable or unwilling to enter a knowing, intelligent, and voluntary waiver of his right to counsel, the trial court shall notify this Court and we will enter an order granting appropriate relief. We direct the trial court to carry out these instructions within sixty days of the date of this memorandum.

Case remanded. Panel jurisdiction retained.

---

[3] The trial court shall return the record with a transcript of the waiver-of-counsel colloquy, a transcript of the sentencing proceeding, and all other transcripts prepared in this matter. At present the record contains the June 5, 2018 trial and a transcript, filed on April 3, 2018, of a video interview between Appellant and a police officer. We note that the police interview transcript does not specify the interview date.