J-S18042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY JORGE | : | |
| | : | |
| Appellant | : | No. 1573 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 7, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000742-2018

BEFORE: KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.: **FILED MAY 22, 2020**

Appellant Jeffrey Jorge appeals the judgment of sentence entered by the Court of Common Pleas of Luzerne County after Appellant pled guilty to possession of a firearm with an altered manufacturer's number and persons not to possess a firearm. Counsel filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967).

After Appellant pled guilty to the aforementioned offenses, the trial court sentenced Appellant to two concurrent terms of four to eight years' imprisonment and granted plea counsel's oral motion to withdraw. On August 15, 2019, Appellant filed a *pro se* appeal in the Commonwealth Court, which subsequently transferred the appeal to this Court. On September 13, 2019, the trial court directed Appellant to file a concise statement of errors

_____

[*] Former Justice specially assigned to the Superior Court.

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not respond to the trial court's Rule 1925(b) order.

On November 26, 2019, this Court filed an order directing the trial court to determine the status of Appellant's counsel of record. On December 20, 2019, the trial court held a hearing at which it determined Appellant was eligible for counsel and appointed Matthew P. Kelly, Esq. (hereinafter "counsel") to represent Appellant. Counsel filed a petition to withdraw and an *Anders* brief, after he concluded that this appeal was frivolous.

We must evaluate counsel's request to withdraw before reaching the merits of the case. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa.Super. 2013). Counsel who seeks to withdraw on appeal must satisfy the following procedural and briefing requirements:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). Counsel's *Anders* brief must also comply with *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*. at 178-79, 978 A.2d at 361.

While counsel claims all of Appellant's potential issues on appeal are waived due to Appellant's failure to file a post-sentence motion or to comply with the trial court's Rule 1925(b) order, it appears from the record that Appellant had no legal representation after sentencing and during the period in which he was required to preserve his post-sentence and appellate rights.

"[A]n accused has a constitutional right to counsel on direct appeal." *Commonwealth v. Kent*, 797 A.2d 978, 980 (Pa.Super. 2002) (citing *Douglas v. California*, 372 U.S. 353 (1963)). Where an appellant is denied counsel throughout the post-sentence and direct appeal period, it is necessary for this Court to remand the case for the appointment of counsel and the reinstatement of appellate rights *nunc pro tunc* to give the appellant counsel at those stages of the proceeding. *Commonwealth v. Corey*, 31 A.3d 293, 295 (Pa. Super. 2011)).

Accordingly, we deny counsel's petition to withdraw, remand the case and the record to the trial court, and direct the trial court to reinstate Appellant's post-sentence and appeal rights *nunc pro tunc* to give current counsel an opportunity to file a post-sentence motion on Appellant's behalf for the trial court's determination.

Petition to withdraw denied. Case and record remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/22/2020</u>